IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

STEFFANY ROSE HAMNER
In the matter of minor child L.R.C.,

        Plaintiff,

v.                                                                                                            No. 24-cv-02007-SHM-cgc

STATE OF TENNESSEE
DEPARTMENT OF CHILDREN'S SERVICES,
DAVIDSON COUNTY JUVENILE COURT

        Defendants.

## REPORT AND RECOMMENDATION

Before the Court, by way of Administrative Order 2013-05,[1] is the Complaint (D.E. # 1) in this matter filed on August 14, 2023 by *pro se* plaintiff Steffany Rose Hamner in the matter of minor child, L.R,C.  Plaintiff's action seeks a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (D.E. # 1)  In summary, Hamner alleges that L.R.C. is a "minor child under the age of 18 unlawfully detained by the State of Tennessee Department of Children's Services."

As a threshold question, the Court must determine whether subject-matter jurisdiction exists.  Article III of the United States Constitution limits the judicial power of the federal courts to cases or controversies.  U.S. Const. art. III, §2.  "The doctrine of standing seeks to ensure that a plaintiff has a sufficient stake in the controversy to merit her being the proper party to litigate it."  *See, e.g. Ann A. Blanton ex rel. Natalie A. Blanton v. Michael J. Astrue*, No. 1:10-cv-2463, 2011 WL 2637224, at *2 (N.D. Ohio June 20, 2011).  "Constitutional standing under Article III

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

has three elements: (1) the plaintiff must have suffered an 'injury in fact';(2) that was caused by the defendant's alleged conduct; and (3) that likely would be redressed by a favorable decision." *Id*. (citing *White v. United States*, 601 F.3d 545, 551 (6th Cir. 2010)).

Title 28, United States Code section 2241 provides that a "writ of habeas corpus shall not extend to a prisoner unless

> (1) the prisoner is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
> (2) the prisoner is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States; or
> …"

28 U.S.C. § 2241(c)

Plaintiff Hamner does not allege in her Complaint that she is in custody at all much less that she is in custody under one of the specifically listed circumstances in the statute. "The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." *Hensley v. Mun. Ct., San Jose Milpitas Jud. Dist., Santa Clara Cnty., California*, 411 U.S. 345, 351, 93 S. Ct. 1571, 1574, 36 L. Ed. 2d 294 (1973)  Therefore, it is RECOMMENDED that there is no case or controversy  because Plaintiff Hamner has not alleged that she has suffered an injury in fact.

To the extent that Hamner purports to file this action on behalf of the minor child, L.R.C., it is FURTHER RECOMMENDED that Hamner as a non-lawyer is not permitted to bring this case.  Congress passed 28 U.S.C. §1654 which allows parties to "plead and conduct their own cases personally" or, in other words, to proceed *pro se* without the assistance of counsel.  The Sixth Circuit reasoned that, "[a]lthough 28 U.S.C. §1654 provides that '[i]n all courts of the

United States the parties may plead and conduct **their own cases** personally or by counsel,' that statute does not permit plaintiffs to appear *pro se* where interests other than their own are at stake." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) (emphasis added). Hamner is not permitted to bring a case *pro se* on behalf of her minor child as the interest belongs to the minor child, not her mother.

For the reasons stated above, it is RECOMMENDED that the instant complaint be dismissed for lack of subject matter jurisdiction.

**SIGNED** this 20th day of February, 2024.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF THE OPPORTUNITY TO RAISE OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**