# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

|  |  |  |
|---|---|---|
| STEFFANY ROSE HAMNER IN THE MATTER OF MINOR CHILD L.R.C., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 2:24-cv-02007-SHM-cgc |
| STATE OF TENNESSEE DEPARTMENT OF CHILDREN'S SERVICES, DAVIDSON COUNTY JUVENILE COURT, | ) ) ) ) ) | |
| Defendants. | | |

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE WITHOUT PREJUDICE

Before the Court is Plaintiff Steffany Rose Hamner's pro se Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. See ECF No. 1. United States Magistrate Judge Charmiane Claxton filed a Report and Recommendation ("Report"). See ECF No. 11. The Report recommends dismissing Plaintiff's Petition for a lack of subject-matter jurisdiction. See id. Plaintiff has filed objections to the Report. See ECF No. 16. The Court ADOPTS the Report in its entirety. Plaintiff's Petition is DISMISSED WITHOUT PREJUDICE.

**I.     Background**

Plaintiff appears pro se and alleges that her minor child, L.C., is being held by the State of Tennessee Department of Children's Services in violation of L.C.'s constitutional rights. See ECF No. 1. Plaintiff has objected to the appointment of counsel. See ECF No. 10 ("I fully understand the proceedings and therefore wish to waive my right to attorney representation."). On February 20, 2024, the Magistrate Judge issued a Report, recommending that Plaintiff's Petition be dismissed because Plaintiff, who is not in the custody of the State of Tennessee, lacks standing to petition for a writ of habeas corpus under 28 U.S.C. § 2241, and because Plaintiff is unable to bring a pro se claim on behalf of L.C. under 28 U.S.C. § 1654. See ECF No. 11.

Plaintiff filed objections on February 28, 2024. See ECF No. 16. Plaintiff's objections do not address the Magistrate Judge's analysis or recommendations. See id. Instead, Plaintiff objects to this action being considered by the Magistrate Judge and requests that this action be heard by a district judge appointed under Article III of the Constitution of the United States. See id.

**II.   Standard of Review**

The Court may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court," of certain pretrial matters and prisoner petitions. See 28 U.S.C. § 636(b)(1). A magistrate judge must file proposed findings and recommendations with the Court, and a copy must be mailed to every party. See id. § 636(b)(1)(C). Parties have fourteen (14) days after being served with a copy to file written objections to the proposed findings and recommendations. See id. "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. The Court "need not review, under a de novo or any other standard, those aspects of the report and recommendation to which no specific objection is made." Canaday v. Anthem Cos., Inc., 439 F. Supp. 3d 1042, 1045 (W.D. Tenn. 2020) (citing Thomas v. Arn, 474 U.S. 140, 150 (1985)). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b)(1).

**III. Analysis**

Plaintiff's general objection to having her Petition considered by the Magistrate Judge in the first instance lacks

3

merit. Congress explicitly gave magistrate judges the authority to make "proposed findings of fact and recommendations" for the disposition of certain matters. See § 636(b)(1). The Court does not need the parties' consent to refer pretrial, case-dispositive issues to magistrate judges for review. See Roell v. Withrow, 538 U.S. 580, 585 (2003). Delegations of authority to magistrate judges are constitutional if the Court retains the ability to make final determinations about case-dispositive matters. See United States v. Raddatz, 447 U.S. 667, 680–82 (1980). The Magistrate Judge's Report in this case is a non-binding recommendation to the Court. See ECF No. 11. The Court must review de novo any portion of the Report to which a party makes a specific objection and may "accept, reject, or modify" any of the Report's findings or recommendations. See § 636(b)(1). Plaintiff was not deprived of her constitutional rights by having her Petition reviewed by the Magistrate Judge or by the issuance of the Magistrate Judge's Report.

Plaintiff makes no specific objections to the Report's analysis or recommendations. The Court therefore "need not review, under a de novo or any other standard," the substance of the Report. See Canaday, 439 F. Supp. 3d at 1045. The Court ADOPTS the Report in its entirety.

**IV. Conclusion**

The Magistrate Judge's Report is ADOPTED in its entirety. Plaintiff's Petition is DISMISSED WITHOUT PREJUDICE.

SO ORDERED this <u>*6th*</u> day of May, 2024.

                                   /s/ *Samuel H. Mays, Jr.*
                                   SAMUEL H. MAYS, JR.
                                   UNITED STATES DISTRICT JUDGE